Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Negin Taleb, Esq., State Bar No. 333318
NTaleb@Shegerianlaw.com
Julian Samaan, Esq., State Bar No. 346426
JSamaan@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number:      (310) 860 0770
Facsimile Number:      (310) 860 0771

Attorneys for Plaintiff,
SHERRY CHIN

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY CHIN,<br><br>        Plaintiff,<br><br>vs.<br><br>SMALL BUSINESS ADMINISTRATION OF THE UNITED STATES GOVERNMENT, TAMMIE POLK, ZACHARY BRADFORD, and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.: **'24CV0732 JLS  AHG**<br><br>**PLAINTIFF SHERRY CHIN'S COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>(2) **HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA;**<br><br>(3) **RETALIATION IN VIOLATION OF THE FEHA;**<br><br>(4) **FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE FEHA;**<br><br>(5) **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br><br>(6) **DISCRIMINATION AND RETALIATION FOR TAKING CFRA/FMLA LEAVE;**<br><br>(7) **INTERFERENCE WITH CFRA/FMLA LEAVE;**<br><br>(8) **BREACH OF EXPRESS ORAL CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD** |

CAUSE;

**(9) BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**

**(10) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**

**(11) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

**(12) WHISTLEBLOWER RETALIATION (LABOR CODE § 1102.5);**

**(13) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

PLAINTIFF'S COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

**Page**

SUMMARY .................................................................................................... 1

PARTIES....................................................................................................... 1

JURISDICTION AND VENUE .................................................................. 3

FACTS COMMON TO ALL CAUSES OF ACTION ................................ 4

FIRST CAUSE OF ACTION ...................................................................... 9

    Discrimination on the Bases of Disability/Medical Condition and Medical Leave (Violation of Government Code § 12900, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive.................................................. 9

SECOND CAUSE OF ACTION ................................................................ 10

    Hostile Work Environment Harassment on the Bases of Disability/Medical Condition and Medical Leave (Violation of Government Code § 12900, *et seq.*) Against All Defendants; and Does 1 to 100, Inclusive................................ 10

THIRD CAUSE OF ACTION .................................................................... 11

    Retaliation for Engaging in Protected Activity (Violation of Government Code § 12900, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive.................................................................................................... 11

FOURTH CAUSE OF ACTION ................................................................ 13

    Failure to Provide Reasonable Accommodation (Violation of Government Code § 12940(a), (i), (m), (n)) Against Entity Defendant; and Does 1 to 100, Inclusive.................................................................................................... 13

FIFTH CAUSE OF ACTION ..................................................................... 14

    Failure to Engage in Interactive Process (Violation of Government Code § 12940(a), (i), (m), (n)) Against Entity Defendant; and Does 1 to 100, Inclusive.................................................................................................... 14

SIXTH CAUSE OF ACTION ..................................................................... 15

    Discrimination and Retaliation for Taking CFRA/FMLA Leave (Violation of Government Code § 12900, *et. seq.* and 29 U.S.C. 2611 *et. seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ................................ 15

SEVENTH CAUSE OF ACTION .............................................................. 18

    Interference with CFRA/FMLA Leave (Government Code § 12900, *et seq.* AND 29 U.S.C 2611 *et. seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive.................................................................................................... 18

EIGHTH CAUSE OF ACTION ................................................................. 20

Breach of Express Oral Contract Not to Terminate Employment Without Good Cause (*Marvin v. Marvin* (1976) 18 Cal.3d 660) Against Entity Defendant; and Does 1 to 100, Inclusive ................................................... 20

NINTH CAUSE OF ACTION ........................................................................ 20

Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622) Against Entity Defendant; and Does 1 to 100, Inclusive ........ 20

TENTH CAUSE OF ACTION ....................................................................... 21

Negligent Hiring, Supervision, and Retention (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038) Against Entity Defendant; and Does 1 to 100, Inclusive .......... 21

ELEVENTH CAUSE OF ACTION ................................................................ 22

Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167) Against Entity Defendant; and Does 1 to 100, Inclusive ................................................................................ 22

TWELFTH CAUSE OF ACTION.................................................................. 23

Whistleblower Retaliation (Violation of Labor Code § 1102.5, *et seq.*) Against Entity Defendant; and Does 1 to 100, Inclusive ............................... 23

THIRTEENTH CAUSE OF ACTION ............................................................ 24

Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035) Against All Defendants; and Does 1 to 100, Inclusive ................................... 24

PRAYER ........................................................................................................ 25

Plaintiff, Sherry Chin, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Sherry Chin ("plaintiff" or "Chin"), whose employment with defendant Small Business Administration of The United States Government ("SBA" or "Entity Defendant") was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Labor Code section 1102.5(j), and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Chin is, and at all times mentioned in this Complaint was, a resident of the County of San Diego, California.

2. *Defendants:* Defendant SBA is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of San Diego. Defendants' place of business, where the following causes of action took place, was and is in the County of San Diego, at 9450 Mira Mesa Blvd. #C, San Diego CA 92126. Defendant Tammie Polk ("defendant" or "Polk") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Polk is, and at all times mentioned in this Complaint was, a resident of Dallas, Texas. Defendant Zachary Bradford ("defendant" or "Bradford") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Bradford is, and at all times mentioned in this Complaint was, a resident of Fort Woth, Texas.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5. Defendant SBA both directly and indirectly employed plaintiff Chin, as defined

in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6.   In addition, defendant SBA compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7.   Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

### JURISDICTION AND VENUE

8.   The actions at issue in this case occurred in the State of California, in the County of San Diego. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the county of the defendant's residence or principal office. . . (Italics and bolding added)

(California Government Code § 12965(b).)

9.   Here, the plaintiff worked primarily in California in the County of San Diego. The location where plaintiff worked was located in San Diego, California. The majority of the unlawful actions on the part of the defendants occurred at said San Diego location.

10.   "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

11.   This Court has jurisdiction over this matter pursuant to 28 U.S Code §1345, which sets forth that this Court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress. Additionally, this Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, and 28 U.S.C. § 1442(a)(1).

## FACTS COMMON TO ALL CAUSES OF ACTION

12.   *Plaintiff's hiring:* On or around November 4, 2022, Sherry Chin ("Chin"), a 43-year-old woman with anxiety, was rehired by Small Business Administration ("SBA") as a Loan Specialist in the Processing Disbursement Center ("PDC").

13.   *Plaintiff's job performance:* During her employment, Chin was subject to an annual performance review in which she received the highest score possible and never was disciplined. During her employment, Chin worked diligently and excelled in her role at SBA.

14.   *Plaintiff's protected status and activity:*

a.   Plaintiff suffered from a disability while employed with Defendant;

b.   Plaintiff requested CFRA/FMLA leave while employed with Defendant;

c.   Plaintiff made complaints about discrimination, harassment, and retaliation and illegal business practices and/or violations of government policies, practices, and procedures.

15.   *Defendants' adverse employment actions and behavior:*

a.   On or around March 9, 2023, Chin was told by her Supervisor, Micky Mahaney ("Mahaney"), during a routine team meeting, some employees within the PDC would be transferred to another department due to insufficient work. She did not disclose which employees would be transferred nor what roles they would perform in other departments, however, did mention there would be no opportunity for overtime in their new roles.

b.   The following day, another Supervisor, Victoria Nguyen ("Nguyen"), in Mahaney's absence, informed Chin that she had been selected to be transferred to the COVID-19 Economic Injury Disaster Loan Servicing Center ("CESC"). Chin had previously been transferred three times while working at SBA without issue and believed this transfer would be no different than the previous ones. Additionally, Chin was excited to learn what role she would be placed in, as Mahaney stated there were a variety of roles available.

c.   On or around March 13, 2023, Chin finished her last day of work for PDC.

d.   On or around March 14, 2023, Chin began training for her CESC position and learned that her transfer resulted in a pay cut, as no overtime was allowed in her new role.  Chin had become accustomed to working 60 hours a week in her position with the PDC, however, was only allowed to work 40 hours a week in her new role. Because Chin was not informed who her new manager was, she was unable to speak to anyone to discuss the reduction in wages she was expecting in her new role and became anxious due to her pay being reduced by more than a third.

e.   On or around March 14 to 16, 2023, Chin participated in a training that provided an overview of the CESC department. Chin noted she was in a cohort of 100 employees, all taking the same courses. Chin found these trainings to be very general and never went into detail about what their specific roles would be. The cohort members were informed they would be assigned specific roles after training with a start date of March 17, 2023. Chin's anxiety began to worsen upon this revelation as she was never told which position she should prepare for and worried she would be placed in a position that she could not effectively utilize her skill set.

f.   On or around March 17, 2023, Chin received an email which welcomed her to the "Genesys Call Center" and assigned her the role of Call Center Representative. Chin, a highly trained loan specialist, believed her transfer was a demotion because she was overqualified to be a member of the call center and received training far exceeding that needed to be a Call Center Representative. Upon learning her assignment, Chin

immediately emailed Lead Loan Specialist Tammie Polk ("Polk") explaining her concerns about over-qualification and requested to be assigned a role as a Loan Servicer, instead of assisting with inbound calls. Chin explained her high-performance evaluations at PDC evidenced her skillset and proved her training would be wasted in the entry level Call Center Representative position. Though Polk stated that she would relay Chin's concerns to the appropriate supervisor, Chin became anxious and felt disheveled at being assigned an entry level position.

g.   On or around March 20, 2023, Polk informed Chin that because she had been slated for a Customer Service position, she would need to reach out to the manager of that department, Cesar Rea ("Rea") regarding updates on her transfer request.   Chin subsequently emailed Human Resources Officer, Elizabeth Cooper ("Cooper"), reiterating her concerns, and asking for a copy of the job description for the Customer Service position she was slated for. She contacted Cooper due to having no prior communication with Rea and believed that Cooper may be able to escalate the request as she worked in Human Resources.

h.   On or around March 21, 2023, Cooper responded to Chin's email requesting she discuss any questions or requests with her new supervisors, Center Director Tami Ralstin ("Ralstin") and Deputy Center Director Lisa Merker ("Merker"). Chin became confused as she was constantly being directed to different employees and never given resolution causing her anxiety to grow substantially.

i.   On or around March 22, 2023, Loan Specialist Jill Kearney ("Kearney") relayed to Chin the decision made by Senior Supervisory Loan Specialist, Zachary Bradford ("Bradford"), that "[Chin] will stay with the Customer Service team." Kearney went on to explain there was nothing Chin could do to transfer as "it is very common is in the SBA disaster assistance or CESC, that you just do the job you are given." Chin, unsatisfied with Kearney's explanation, requested a meeting with a member of Human Resources to discuss the possibility of transferring to another department; she would never meet with a member of Human Resources.

j.   On or around March 23, 2023, Bradford responded to Chin's requested meeting with Human Resources stating, there were no other available positions for her, and "[a]n employee may be asked to work in any of our 5 functional areas at any time based on workload." Due to her demotion and being left without the ability to transfer, Chin's anxiety worsened, resulting in the inability to complete her work and being sent home because of her anxiety.

k.   On or around March 27, 2023, Chin felt extremely anxious and sought medical help. Chin's doctor diagnosed her with severe anxiety and provided her with a note placing her on medical leave with an expected return date of June 5, 2023. Chin submitted this note via email to Deputy Supervisor Cynthia Garland ("Garland") requesting FMLA leave be approved for 12 weeks, as requested by Chin's doctor.

16.   *Defendants' termination of plaintiff's employment:* On or around March 29, 2023, Bradford called Chin informing her that due to insufficient work and her alleged "refusal" to work, she was being placed on unpaid status. Chin stated she had never refused to work but rather had worked her full shifts up to her request for FMLA leave. Chin asked Bradford for an explanation of why she was being put on unpaid status and asked if they believed she resigned. Bradford confirmed they did not believe she had resigned but instead insisted Chin refused to work at CESC resulting in a change of her employment status. After contemplating her exchange with Bradford, Chin called Bradford back asking for an explanation of the difference between being placed on unpaid status and being laid off. Bradford stated they were the same and that she was effectively being laid off.  Chin felt the decision to terminate her was not due to her refusal to work, as she had continually worked every day since her transfer, evidenced by her call logs, but due to her requests for FMLA and complaints about being demoted.

17.   *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which

those wages should have been paid, in a sum to be proven at trial.

18. *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

19. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment

and/or other adverse job actions, thereby to cause plaintiff hardship and deprive her of legal rights.

20. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

21. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CCRD"), formerly known as the Department of Fair Employment and Housing ("DFEH"), and receiving a CCRD/DFEH right-to-sue letter. Additionally, Plaintiff filed a complaint with the Federal Equal Employment Opportunity Counselor ("EEOC"), which resulted in a denial of plaintiff's claims and provided plaintiff the option to file a complaint in District Court as an available remedy.

## FIRST CAUSE OF ACTION
### Discrimination on the Bases of Disability/Medical Condition and Medical Leave
### (Violation of Government Code § 12900, *et seq.*)
### Against Entity Defendant; and Does 1 to 100, Inclusive

22. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

23. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because but not limited to he or she is more than 40 years old or because of the employee's medical disability, medical condition, and/or medical leave.

24. Plaintiff's medical disability, medical condition, and/or medical leave, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to

take other adverse employment actions against plaintiff.

25.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

26.   As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

27.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

28.   Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION
### Hostile Work Environment Harassment on the Bases of Disability/Medical Condition and Medical Leave (Violation of Government Code § 12900, *et seq.*)
### Against All Defendants; and Does 1 to 100, Inclusive

29.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

30.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from harassing any employee because he or she has a medical disability, medical condition, and/or medical leave.

31.   Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's medical condition, medical disability, medical

leave, and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

32.   Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

33.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

34.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

35.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

36.   Defendants' harassment was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## THIRD CAUSE OF ACTION
### Retaliation for Engaging in Protected Activity
### (Violation of Government Code § 12900, *et seq.*)
### Against Entity Defendant; and Does 1 to 100, Inclusive

37.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

38.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants. This statute requires defendants to refrain from retaliating against any employee making complaints or opposing

discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA and/or assisting and/or participating in an investigation, opposing defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

39.   Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

40.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

41.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

42.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

43.   Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

///

## FOURTH CAUSE OF ACTION

### **Failure to Provide Reasonable Accommodation**

### **(Violation of Government Code § 12940(a), (i), (m), (n))**

### **Against Entity Defendant; and Does 1 to 100, Inclusive**

44.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

45.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

46.   Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability. Defendants used plaintiff's disability and her need to take medical leave as an excuse for terminating plaintiff's employment.

47.   Plaintiff believes and on that basis alleges that her disability and the need to accommodate her disability were substantial motivating factors in defendants' termination of her employment.

48.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

49.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

50.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

51.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages

against defendants.

## FIFTH CAUSE OF ACTION
### Failure to Engage in Interactive Process
### (Violation of Government Code § 12940(a), (i), (m), (n))
### Against Entity Defendant; and Does 1 to 100, Inclusive

52.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

53.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

54.   Defendants wholly failed to engage in a timely, good-faith interactive process with plaintiff to accommodate her known disabilities. Instead, defendants terminated plaintiff's employment in part because of her disabilities.

55.   Plaintiff believes and on that basis alleges that her disability was a motivating factor in defendants' termination of her employment.

56.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

57.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

58.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

59.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**SIXTH CAUSE OF ACTION**

**<u>Discrimination and Retaliation for Taking CFRA/FMLA</u>**

**<u>Leave (Violation of Government Code § 12900, *et. seq.* and</u>**

**<u>29 U.S.C. 2611 *et. seq.*)</u>**

**Against Entity Defendant; and Does 1 to 100, Inclusive**

60.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

61.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on Entity Defendants.  This statute requires Entity Defendants to refrain from discriminating against any employee because the employee requested a protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status or protected activity as provided under FEHA.

62.   Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

63.   At all times herein mentioned, FMLA, 29 U.S.C 2611 *et seq.,* was in full force and effect and was binding on Entity Defendants. This statute prohibits an employer from interfere with, restrain or deny the exercise or attempt to exercise, any write provided by FMLA.

64.   29 U.S.C 2615(a)(2) provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]."

65.   Chin was entitled and requested a protected leave under the CFRA and/or FMLA

and/or other protected status and/or protected activity, protected by FEHA, which was a motivating factor in Entity Defendants' decision to terminate Chin's employment; not to retain, hire, or otherwise employ Chin in any position; to harass Chin; to retaliate against Chin; and/or to take other adverse job actions against Chin, including failure to prevent discrimination, harassment, and retaliation.

66.    During the course of Chin's employment, Entity Defendants failed to prevent their employees from engaging in intentional actions that resulted in Chin being treated less favorably because of her protected status (*i.e.,* disability; need for protected leave under the CFRA and/or FMLA; other protected status and/or protected activity).  During the course of Chin's employment, Entity Defendants failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes.  During the course of Chin's employment, Entity Defendants failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of protected statuses or protected activities.

67.    Entity Defendants, through their managers and supervisors, made a number of comments to and about Chin that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability and/or request for protected leave.  Chin believes, and on that basis alleges, that Entity Defendants' real motivation was to discharge her because of her request for protected leave, and/or other protected statuses or protected activities.

68.    Entity Defendants failed to allow or otherwise attempted to prevent Chin from taking a protective leave.  Instead, Entity Defendants terminated Chin's employment in whole or in part because of her request for protected leave, and/or other protected statuses or protected activities.

69.    Entity Defendants' conduct, as alleged, violated FEHA and FMLA, and Entity Defendants committed unlawful employment practices, including by the following, separate bases for liability:

    a.    Taking adverse employment actions against Chin, such as discharging;

barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Chin—in whole or in part—on the bases of Chin's request for protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a), 12940(h), 12945.2(l), and 29 U.S.C. 2615(a);

b.   Harassing Chin and/or creating a hostile work environment, in whole or in part on the bases of Chin's request for protected leave; and/or, other protected statuses and/or protected activitiess, in violation of Government Code section 12940(a), 12940(h), 12945.2(l), 12940(j), and 29 U.S.C. 2615(a);

c.   Failing to accommodate Chin's request for protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(m) and 29 U.S.C. 2615(a);

d.   Failing to provide Chin with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Chin for taking leave, in violation of Government Code section 12945.2 and 29 U.S.C. 2615(a).

e.   Retaliating against Chin for seeking to exercise rights guaranteed under FEHA and/or opposing Chin's failure to provide such rights, including rights of leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h) and 29 U.S.C. 2615(a);

f.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on Chin's request for protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k) and 29 U.S.C. 2615(a);

70.   On the basis of the above, Chin believes and alleges that her request for protected leave; and/or, other protected statuses and/or protected activities were substantial motivating factors in Defendants' termination of her employment.

71.   As a proximate result of Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Chin, their failure to prevent discrimination, harassment, and retaliation, Chin has sustained and continues to sustain

substantial losses of earnings and other employment benefits.

72.   As a proximate result of Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Chin, their failure to prevent discrimination, harassment, and retaliation, Chin has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

73.   Chin has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Chin is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

74.   Defendants' misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Chin to punitive damages against Entity Defendants.

## SEVENTH CAUSE OF ACTION

### Interference with CFRA/FMLA Leave (Government Code § 12900, *et seq.* AND 29 U.S.C 2611 *et. seq.*)

**Against Entity Defendant; and Does 1 to 100, Inclusive**

75.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

76.   Government Code section 12945.2(t) states that it is an unlawful employment practice in California for an employer to "interfere with, restrain, or deny the exercise of, or the attempts to exercise, any right provided under this section."

77.   At all times herein mentioned, FMLA, 29 U.S.C 2611 *et seq.,* was in full force and effect and was binding on Entity Defendants. This statute prohibits an employer from interfere with, restrain or deny the exercise or attempt to exercise, any write provided by FMLA.

78.   29 U.S.C 2615(a)(2) provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any

practice made unlawful by [the FMLA]."

79. Defendants interfered with, restrained, and/or otherwise denied plaintiff his right and/or attempt to exercise her right to take protected leave under the CFRA and/or FMLA and/or other protected status and/or protected activity, protected by FEHA.

80. Defendants' conduct, as alleged, violated FEHA and FMLA, and Defendants committed unlawful employment practices, including interfering with, restraining, and/or denying Plaintiff's right, and/or attempt to exercise his right, to take protected CFRA and/or FMLA leave, in violation of Government Code section 12945.2(t) and 29 U.S.C. 2615(a).

81. As a proximate result of Defendants' willful, knowing, and intentional interference with Plaintiff's protected CFRA and/or FMLA leave, she has sustained and continues to sustain substantial loses of earnings and other employment benefits.

82. As a proximate result of Defendants' willful, knowing, and intentional interference with Plaintiff's protected CFRA and/or FMLA leave, he has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to his damage in a sum according to proof.

83. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonably attorney's fees and costs (including expert costs) in an amount according to proof.

84. Defendants' misconduct was committed, ratified, and/or authorized internally, in a malicious, despicable, oppressive, and fraudulent manner, by defendants' officers, directors, and/or managing agents, entitling plaintiff to punitive damages against all defendants.

///

///

///

///

## EIGHTH CAUSE OF ACTION

### Breach of Express Oral Contract Not to Terminate

### Employment Without Good Cause

### (*Marvin v. Marvin* (1976) 18 Cal.3d 660)

### Against Entity Defendant; and Does 1 to 100, Inclusive

85.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

86.   Defendants, through their agents, entered an oral agreement not to terminate plaintiff's employment except for good cause. Plaintiff and defendants, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

87.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the express oral contract they had with her.

88.   As a proximate result of defendants' willful breach of the express oral contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.


## NINTH CAUSE OF ACTION

### Breach of Implied-in-Fact Contract Not to

### Terminate Employment Without Good Cause

### (*Marketing West, Inc. v. Sanyo Fisher* (1992)

### 6 Cal.App.4th 603; Civil Code § 1622)

### Against Entity Defendant; and Does 1 to 100, Inclusive

89.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

90.   On the basis of oral assurances of continued employment given to plaintiff by defendants' supervisors, the length of plaintiff's employment with defendants, defendants'

actual practice of terminating employment only for cause, and the industry standard for the business defendants engaged in of terminating employment only for cause, plaintiff and defendants shared the actual understanding that plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that defendants have good cause to terminate plaintiff's employment.

91.   Defendants and their managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

92.   As a proximate result of defendants' willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

### TENTH CAUSE OF ACTION
### Negligent Hiring, Supervision, and Retention
### (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)
### Against Entity Defendant; and Does 1 to 100, Inclusive

93.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

94.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

95.   Defendants breached these duties. As a result, defendants caused damages to plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

# ELEVENTH CAUSE OF ACTION

## Wrongful Termination of Employment in Violation of Public Policy

## (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)

### Against Entity Defendant; and Does 1 to 100, Inclusive

96.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

97.   Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of her protected status (*i.e.,* medical condition, medical disability, medical leave, and/or protected activity). These actions were in violation of, but not limited to, the FEHA, the California Constitution, Government Code section 12900, *et seq.*, and California Labor Code section 1102.5.

98.   As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

99.   As a result of defendants' wrongful termination of her employment, plaintiff has suffered general and special damages in sums according to proof.

100.   Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages.

101.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

///

///

///

///

## TWELFTH CAUSE OF ACTION

### Whistleblower Retaliation

### (Violation of Labor Code § 1102.5, *et seq.*)

**Against Entity Defendant; and Does 1 to 100, Inclusive**

102.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

103.   At all relevant times, Labor Code section 1102.5 was in effect and was binding on defendants. This statute prohibits defendants from retaliating against any employee, including plaintiff, for actually raising complaints of actual or potential illegality, for providing information of such actual or potential illegality, because the employee is believed to have engaged in such conduct, or because the employee may engage in such conduct. The statute also further prohibits defendants from retaliating against any employee, including plaintiff, where the employee refused to participate in activity that would result in a violation of the law.

104.   Plaintiff raised complaints of actual and/or potential illegality, including but not limited to complaints about violations of the FEHA, California Constitution, and Government Code Section 12900 *et seq.* while she worked for defendants, and defendants retaliated against her by taking adverse employment actions, including employment termination, against her.

105.   As a proximate result of defendants' willful, knowing, and intentional violations of Labor Code section 1102.5, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

106.   As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

107.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

108.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to California Labor Code section 1102.5(j), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

### THIRTEENTH CAUSE OF ACTION

#### Intentional Infliction of Emotional Distress

#### (*Hughes v. Pair* (2009) 46 Cal.4th 1035)

#### Against All Defendants; and Does 1 to 100, Inclusive

109.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

110.   Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted extreme and outrageous misconduct and caused plaintiff severe emotional distress. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of her livelihood, would devastate plaintiff and cause her extreme hardship.

111.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

112.   As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

113.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

## PRAYER

WHEREFORE, plaintiff, Sherry Chin, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief:

7. For such other and further relief as the Court may deem just and proper;


ADDITIONALLY, plaintiff, Sherry Chin, demands trial of this matter by jury. The amount demanded exceeds $35,000.00 (Government Code § 72055).


Dated: April 23, 2024                    SHEGERIAN & ASSOCIATES, INC.


By: _____
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
SHERRY CHIN